MANATT, PHELPS & PHILLIPS, LLP
MANDANA MASSOUMI (SBN 191359)
mmassoumi@manatt.com
CAMILLE VASQUEZ (SBN 273377)
cvasquez@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

*Attorneys for Defendants*
AT&T Services, Inc.
Pacific Bell Telephone Company


Byron Lee
43543 Kirkland Ave. Apt. 49
Lancaster, CA 93535
Tel: (323) 841-7687
Tel: (661) 547-2465

Plaintiff In *Pro Per*

**NOTE CHANGES MADE BY COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEE,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T SERVICES, INC./PACIFIC BELL; a California Corporation; JAIME V. BENAVIDES, individually and as agent/employee/supervisor of AT&T SERVICES, INC./PACIFIC BELL; LEE VAGATAI, individually and as agent/employee/supervisor of AT&T SERVICES, INC./PACIFIC BELL; and Does 1 through 20, inclusive,<br><br>Defendants. | **CASE NO: 2:17-CV-4642 FMO(SSX)**<br><br>Judge: Hon. Fernando M. Olguin<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]<br><br>(LASC Case No. BC 647601)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Filed concurrently with: [Proposed] Order]<br><br>Action Filed: January 25, 2017<br>Action Removed: June 23, 2017 |

1

1    The dispute in this action involves allegations of breach of contract, wrongful

2    termination and emotional distress, ultimately involving the discovery of

3    information relating to private medical information of Plaintiff, Byron Lee, and

4    confidential business practices of Defendants, AT&T Services, Inc., and Pacific

5    Bell Telephone Company.  During the course of this litigation, highly confidential

6    and proprietary information will need to be shared through discovery or otherwise

7    between the parties and the Court.  So that both parties can continue to protect their

8    proprietary and private information involving descriptions of business methods not

9    generally known to the public and personal information as to the Plaintiff, the

10   parties propose this Stipulation.

11       This Stipulation governs the covenant of Plaintiff Byron Lee ("Plaintiff") and

12   Defendants AT&T Services, Inc., and Pacific Bell Telephone Company

13   ("Defendant"), (collectively, "Parties").  Plaintiff in *Pro Se* on the one hand, and

14   Defendants on the other hand by and through their counsel, hereby stipulate and

15   agree that any documents, information, testimony or transcripts ("Material")

16   deemed by any Party or by any person or entity that is not a party to this action

17   ("Third-Party") to be confidential, proprietary, trade secret and/or subject to a right

18   of privacy ("Confidential Information"), shall be designated and protected

19   according to the following terms and conditions:

20   **I.    DESIGNATING PROTECTED MATERIAL**

21       Any Party or Third-Party may determine in good faith whether any Material

22   should be designated as "CONFIDENTIAL" ("Designating Party").  However, such

23   good faith belief must be based on the fact that such information has not been made

24   public and the Designating Party must have a good faith belief that if such

25   information is disclosed it will have the effect of causing harm to a Party's

26   competitive position or otherwise impinge upon a Party's right to privacy.

27       Parties and Third-Parties shall also have the right to designate as

28   "CONFIDENTIAL" Material produced, served or provided by other Parties or

Third-Parties, in which case the Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order. Any Material, or any part thereof, designated as "CONFIDENTIAL" shall be used only for the preparation and trial of this action, including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" must be clearly so designated. Designation in conformity with this Stipulated Protective Order requires the following:

1.    For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" at the top or bottom or by watermarking of each page of a document that contains Confidential Information. The Designating Party that makes original documents available for inspection need not designate them for protection under this Stipulated Protective Order until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the documents made available for inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Stipulated Protective Order; then, before producing the specified documents, the producing Party must affix the legend "CONFIDENTIAL" to each page of the documents that contain Confidential Information. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance

1    with this Stipulated Protective Order.

2         2.    For testimony given in deposition, the Designating Party shall identify

3    either (a) on the record before the close of the deposition, or (b) within 20 days after

4    receiving the transcript of such deposition, all portions of the testimony that it

5    wants to designate as "CONFIDENTIAL." Only those portions of the testimony

6    that are designated for protection during the deposition, or within the 20 days after

7    receipt of the transcript of such testimony, shall be covered by the provisions of this

8    Stipulated Protective Order. The court reporter shall affix to the top or bottom of

9    each page of a transcript containing Confidential Information the legend

10   "CONFIDENTIAL" as instructed by a Designating Party's instructions.    For

11   testimony given in pretrial, trial proceedings, or any such court proceedings, the

12   Parties will address any Confidential Information with the judicial officer

13   conducting the proceeding at the time of any such proceeding.

14        3.    For any Material produced in other than documentary form and for any

15   other tangible items, the Designating Party producing such Material or tangible

16   item shall affix in a prominent place on the exterior of the container or containers in

17   which the material or item is stored the legend "CONFIDENTIAL."   If only

18   portions of the information or item warrant protection, the Designating Party, to the

19   extent practicable, shall identify the protected portions. If, after production, a Party

20   or Third-Party designates as "CONFIDENTIAL" any non-documentary Material or

21   tangible item not previously designated, then any Party in possession of such

22   Material or tangible item shall designate it as such in accordance with this

23   Stipulated Protective Order.

24   **II.   ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

25        1.    Subject to paragraph 3 below, all Material designated as

26   "CONFIDENTIAL" may be disclosed only to:

27        a.    Outside counsel for a Party and in-house counsel for Defendants

28   responsible for overseeing this action, as well as their employees and other persons

1    or entities retained by such counsel to provide litigation-related services;

2         b.      Experts, consultants and other independent contractors retained or

3    employed to consult with, advise or assist counsel for a Party in the preparation or

4    trial of this case, as well as their employees;

5         c.      The Parties to this action and their current directors, officers and

6    employees;

7         d.      Witnesses who are being prepared by counsel to give testimony at a

8    deposition or at trial, or who are being examined by counsel at a deposition or at

9    trial; and

10        e.      Personnel employed by the United States District Court for the Central

11   District of California or any appellate court, including, the Ninth Circuit Court of

12   Appeals, appellate court justices, court reporters, clerks and administrative support

13   personnel; and

14        f.      Any mediator or settlement officer, and their supporting personnel,

15   mutually agreed upon by the parties to assist in dispute resolution.

16        2.      A   Designating   Party   may   designate   as   "CONFIDENTIAL-

17   ATTORNEYS EYES ONLY" any Material that contains private, confidential,

18   proprietary and/or trade secret information that is so sensitive that such Material

19   should not be disclosed to the directors, officers or non-attorney employees of other

20   Parties.  Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

21   may be disclosed only to those persons and entities identified in paragraph II(1) (a),

22   (b), (e) and (f) above.

23        3.      Parties shall take appropriate measures to ensure that all persons

24   permitted   access   to   Material   designated   as   "CONFIDENTIAL"   or

25   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph II(1)(b), (c) or

26   (d) of this Stipulated Protective Order have agreed, prior to reviewing any such

27   Confidential Information, to be bound by the terms and conditions hereof with

28   respect to the restricted disclosure and use of such Confidential Information.  Prior

1  to receiving any Confidential Information, those persons shall sign a copy of the

2  statement attached hereto as Exhibit A, agreeing to be bound by the terms of this

3  Stipulated Protective Order and submitting to the jurisdiction of the United States

4  District Court for the Central District of California to enforce this Stipulated

5  Protective Order.  The Party who obtains any such signed statements shall retain

6  possession of the statements and shall provide a copy of the statements at the

7  written request of another Party.  However, under no circumstances shall any Party

8  be required to disclose the identity or existence of any expert, consultant or witness

9  until otherwise required to do so by law or order of the United State District Court

10  for the Central District of California.

11  **III.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

12        If, at any time during the pendency of this action, counsel for any Party

13  wishes to challenge a Designating Party's designation of Material as containing

14  Confidential Information, and to exclude such Material from the provisions of this

15  Stipulated Protective Order, the Party shall follow the procedures for seeking

16  judicial intervention for discovery disputes, as set forth in Local Rule 37.   The

17  Parties shall also first meet and confer in a good faith effort to resolve informally

18  any disputes concerning this Stipulated Protective Order before seeking judicial

19  intervention.

20  **IV.   INADVERTENT   OR   UNAUTHORIZED   DISCLOSURE   OF**

21        **CONFIDENTIAL INFORMATION**

22        Inadvertent production without prior designation of any Confidential or

23  privileged Information shall be without prejudice to a Designating Party's right to

24  later file a Local Rule 37-2 joint stipulation seeking to have the Confidential or

25  privileged Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-

26  ATTORNEYS' EYES ONLY," or to any other Party's right to argue that

27  production of such Confidential Information constitutes a waiver under applicable

28  law of the right to designate any Confidential Information as "CONFIDENTIAL"

1    or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or that such material must

2    be returned as privileged.  The Designating Party seeking to file a Local Rule 37-2

3    joint stipulation shall follow the procedures set forth in Local Rule 37, including

4    meeting and conferring in good faith before seeking any relief from the Court.

5           If a Party learns that, by inadvertence or otherwise, it has disclosed Protected

6    Material to any person or in any circumstance not authorized under this Stipulated

7    Protective Order, the Receiving Party must immediately (a) notify in writing the

8    Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

9    all unauthorized copies of the Protected Material, (c) inform the person or persons

10   to whom unauthorized disclosures were made of all the terms of this Order, and (d)

11   request such person or persons to execute a copy of the statement attached hereto as

12   Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order.

13          The Parties agree that any unauthorized disclosure of Confidential or

14   privileged Information shall constitute a material violation of this Stipulation.  The

15   Parties agree and acknowledge that it may be difficult to measure in money the

16   damages that will accrue to the other Party in the event one Party violates, or

17   threatens to commit a violation of, any provision or obligation of this Stipulation.

18   ~~If a Party violates this Stipulation, that Party shall pay liquidated damages to the~~

19   ~~other Party in the amount of $5,000.00 per violation.~~  However, nothing contained

20   herein shall be construed as prohibiting any Party from pursuing any other remedies

21   available to it for violation of this Stipulation, including the recovery of any

22   damages which it is able to prove and/or sanctions for a Party or its counsel's

23   improper conduct.

24   **V.    MAINTENANCE      AND      FILING      OF      CONFIDENTIAL**

25   **       INFORMATION**

26          1.     All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-

27   ATTORNEYS' EYES ONLY," shall be kept in secure facilities. A "secure facility"

28   is a place where access is restricted to only to those designated persons set forth in

1  paragraphs B(1)(a) and (b) of this Stipulated Protective Order.  Such requirement is
2  not applicable to the Court.

3          2.      Any  information,  including,  but  not  limited  to,  documents,
4  interrogatory responses and depositions designated as ~~containing~~ Confidential
5  Information, where submitted to the Court with a pleading or as evidence, shall be
6  delivered to the Court ~~sealed and not be available for public inspection.  The Parties~~ *pursuant to LR 79 (SW)*
7  ~~shall place any documents to be submitted to the Court in an envelope~~ marked
8  ~~"SEALED," affix a copy of this Stipulated Protective Order to~~ the documents, and
9  ~~deliver the documents directly to the clerk or secretary of the Judge assigned to hear~~
10  ~~this matter.~~  The Parties further agree that any Confidential Information filed under
11  seal shall be accompanied by an application pursuant to Local Rule 79-5.1, to file
12  such Confidential Information under seal.  The application shall be directed to the
13  judge to whom the Confidential Information is directed.  Pending a judicial ruling
14  on the application, the Confidential Information subject to the sealing application
15  shall be lodged under seal.

16          3.      Documents or other information designated as containing Confidential
17  Information pursuant to this Stipulated Protective Order shall become public absent
18  a separate Court order upon written motion and sufficient cause shown.

19          4.      Nothing in this Stipulation requires the Court to automatically grant a
20  request to file documents labeled "CONFIDENTIAL" or "CONFIDENTIAL
21  ATTORNEYS' EYES ONLY" under seal.

22  **VI.    CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED**
23          **PRODUCED IN OTHER LITIGATION**

24          1.      The terms of this Stipulated Protective Order shall apply to all manner
25  and means of discovery, including subpoenas *duces tecum*.

26          2.      In the event that a Party is served with a subpoena that seeks to compel
27  the    production    of    Material    designated    as    "CONFIDENTIAL"    or
28  "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the

1  subpoena is served shall give written notice of the subpoena to the Designating

2  Party at least seven (7) calendar days before the production date (or, if the subpoena

3  provides less than seven (7) days' notice, within one (1) business day after service

4  of the subpoena).   The Designating Party may then file a petition or motion to

5  quash the subpoena and/or obtain such other relief as will protect the confidential

6  nature of the documents.   If the Designating Party files such a petition before the

7  production date specified in the subpoena, the Party upon whom the subpoena is

8  served shall not produce the requested documents until after the United States

9  District Court for the Central District of California or appropriate court has ruled on

10  the petition or motion.

11  **VII.    FINAL DISPOSITION**

12       Within thirty (30) days after the final termination of this action, each Party

13  shall destroy any and all Material designated as "CONFIDENTIAL" or

14  "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies,

15  digests or summaries which have been made of, or prepared from, such

16  Confidential Information, and shall provide counsel for the Party or Third-Party

17  who produced such Material (upon request) with a declaration under penalty of

18  perjury attesting to such return and/or destruction. For purposes of this Stipulated

19  Protective Order, the term "final termination" shall refer to the time after any final

20  order or award is entered in this action, with no timely petition for reconsideration

21  or petition for review having been filed, or, if any such petition is filed, after a final

22  decision is rendered by the United States District Court or any appellate court with

23  no further petition or appeal pending or possible.

24  **VIII.    MISCELLANEOUS**

25       1.    Subject to the Provision of Paragraph VI(2), above, nothing in this

26  Stipulated Protective Order shall be construed to relieve any Party from the

27  obligation to timely respond to a discovery request, nor shall this Stipulated

28  Protective Order be construed as a waiver of the right to assert any objection to a

1    discovery request.

2        2.    This Stipulated Protective Order is intended to regulate the production

3    and dissemination of Confidential Information during the entirety of this action, and

4    thereafter shall remain in full force and effect, unless and until modified,

5    superseded or terminated by written agreement of all Parties or by order of the

6    United States District Court.   This Stipulated Protective Order shall become

7    effective as among the Parties when executed by all Parties and upon the District

8    Court's entry of the order approving this Stipulated Protective Order.   The United

9    States District Court for the Central District of California shall retain jurisdiction to

10   enforce the provisions of this Stipulated Protective Order and to enter amendments,

11   modifications and additions to this Stipulated Protective Order as the United States

12   District Court for the Central District of California may from time to time deem

13   appropriate upon noticed motion of a Party or upon the United States District Court

14   for the Central District of California's own motion upon notice to the parties.

15       3.    ~~Both parties shall make every attempt to redact exhibits for use at trial~~

16   ~~as opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden~~

17   ~~of sealing the Court during trial.~~                    *SFJ*

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4.     Nothing in this Stipulation shall be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

**SO STIPULATED.**

Dated:  August 15, 2017          BYRON LEE


By: */s/ Byron Lee*_____
        Byron Lee
        Plaintiff in *Pro Per*


Dated:  August 15, 2017          MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Mandana Massoumi*_____
        Mandana Massoumi
        Camille Vasquez
        *Attorneys for Defendants*
        AT&T Services, Inc.
        Pacific Bell Telephone Company

**EXHIBIT "A"**

I, _____, have received and reviewed a copy of the Stipulated Protective Order entered in the case entitled *Byron Lee v. AT&T Services Inc./Pacific Bell, et al.*,   Case No. 2:17-CV-4642 FMO(SSX) pending in the United States District Court for the Central District of California ("USCD") and am familiar with its terms.  I agree to comply with the terms and conditions of the Stipulated Protective Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order.  I further consent and submit to the jurisdiction of the USCD for the purpose of enforcing the Stipulated Protective Order, if necessary.


DATED:                                   _____

1

## PROOF OF SERVICE

2

I, Casey Suda, declare as follows:

3

I am employed in Orange County, California.  I am over the age of
eighteen years and not a party to this action.  My business address is MANATT,
PHELPS & PHILLIPS, LLP, 695 Town Center Drive, 14th Floor, Costa Mesa,
California    92626-1924.    On the date listed below, I served the within
document(s):

4

5

6

### STIPULATED PROTECTIVE ORDER

7

on the interested parties listed below:

8

Byron Lee                                          *Plaintiff in Pro Per*
43543 Kirkland Ave. Apt. 49
Lancaster, CA 93535
Tel:   (323) 841-7687
Tel:   (661) 547-2465
Email: pbox711@yahoo.com

9

10

11

12

13

☒       **(BY MAIL)** By placing such document(s) in a sealed envelope, with
postage thereon fully prepaid for first class mail, for collection and
mailing at Manatt, Phelps & Phillips, LLP, Costa Mesa, California
following ordinary business practice. I am readily familiar with the
practice at Manatt, Phelps & Phillips, LLP for collection and
processing of correspondence for mailing with the United States
Postal Service, said practice being that in the ordinary course of
business, correspondence is deposited in the United States Postal
Service the same day as it is placed for collection.

14

15

16

17

18

19

20

I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

21

22

Executed on **August 15, 2017**, at Costa Mesa, California.

23

24

*Casey Suda*
Casey Suda

25

26

27

28